UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00016-GNS

TODD BONDS                                                                                          PLAINTIFF

v.

CAPTAIN FOWLER,
In her Individual Capacity                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 35) and Plaintiffs' Motion for Summary Judgment (DN 38). The motions are ripe for adjudication. For the reasons outlined below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

### I. STATEMENT OF FACTS AND CLAIMS

For time period relevant to this case, Plaintiff Todd Bonds ("Bonds") was a convicted state inmate residing at the Todd County Detention Center ("TCDC"). Bonds is forty-year-old male with a history of diabetes and high blood pressure. (Pl.'s Reply Mot. Am. 1, DN 19). On the evening of January 27, 2016, Plaintiff informed Defendant Captain Fowler ("Fowler"), a correctional officer, that he felt like he was having a heart attack. (Def.'s Mot. Summ. J. Ex. A, at 13, DN 35-3). Fowler did not call the nurse;[1] rather, she took Bonds' vital signs herself and

---

[1] One nurse works at TCDC from 7:00 AM to 4:00 PM on weekdays and is on call all other times. (Def.'s Mot. Summ. J. Ex. A, at 2).

1

recorded his blood pressure as 107/76.[2] (Def.'s Mot. Summ. J. Ex. A, at 13). Sometime after 11:00 PM that night, Bonds was given a medical request form because he complained of stomach ulcers and said he felt like he was dying. (Def.'s Mot. Summ. J. Ex. A, at 13). At 1:45 AM the next morning, Fowler took Bonds' blood pressure and recorded it as 178/115. (Def.'s Mot. Summ. J. Ex. A, at 13). Bonds contends that Fowler took his blood pressure multiple times, told him to relax so that his blood pressure would fall, but only recorded one of the readings. (Def.'s Mot. Summ. J. Ex. B, at 32, DN 35-4). Later that morning, at 8:00 AM, the nurse arrived, checked on Bonds, and recorded his blood pressure as 202/110. (Def.'s Mot. Summ. J. Ex. A, at 13). At that point, the nurse recommended that Plaintiff be transported to Logan Memorial Hospital. (Def.'s Mot. Summ. J. Ex. A, at 13).

On February 16, 2016, Plaintiff filed this action asserting various claims under 42 U.S.C. § 1983 against various parties. After an initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed all but the claim against Fowler based on an alleged violation of Bonds' Eighth Amendment rights and permitted only that claim to proceed. (Screen Order 13). Following discovery, both parties have moved for summary judgment, which motions are ripe for decision.

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as

---

[2] Defendant was instructed on how to take blood pressure readings by the TCDC nurse but did not receive any additional medical training. (Def.'s Mot. Summ. J. Ex. A, at 4).

a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### IV.   DISCUSSION

#### A.   Defendant's Motion for Summary Judgment

In moving for summary judgment Defendant asserts, *inter alia*, that the jail officials were not deliberately indifferent to Bonds' serious medical needs. (Def.'s Mem. Supp. Mot. Summ. J. 5-9, DN 35-1). Construing the evidence in a light most favorable to Bonds, the Court agrees.

To establish a claim under the Eighth Amendment, a plaintiff must demonstrate "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is judged both objectively and subjectively. *See Curry v.*

*Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The objective element requires a plaintiff prove a defendant showed deliberate indifference despite being aware plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective element requires a plaintiff to prove that the defendant was actually aware of a substantial risk of serious harm to the plaintiff. *Id.* at 842.

1. *Objective Test*

In the Sixth Circuit, courts use different standards to determine that a condition is an objectively serious medical need depending on whether a lay observer would consider the condition as needing immediate medical assistance. *See Mattox v. Edelman*, 851 F.3d 583, 598 (6th Cir. 2017). When a plaintiff complains of a condition that does not obviously call for immediate medical assistance, he or she must present medical evidence of the seriousness of his or her condition. *See Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) ("[A]n inmate . . . must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." (quoting *Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994))). When a prisoner's medical condition is "so obvious that a lay person would easily recognize the necessity for a doctor's attention," however, a plaintiff does not need to submit any medical evidence. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004) ("This violation is not premised upon 'detrimental effect' of the delay, but rather that the delay alone in providing medical care creates a substantial risk of serious harm.").

In this case, none of Bonds' conditions were so obviously serious that a lay person would easily recognize the necessity for a doctor's attention. *See Harris v. Cty. of Shiawassee*, No. 11-CV-10318, 2012 WL 2526929, at *7 (E.D. Mich. June 28, 2012). Plaintiff complained of many

conditions on the night in question. (Def.'s Mot. Summ. J. Ex. A, at 13). First, Plaintiff told guards that he believed he was going to die or have a heart attack. (Def.'s Mot. Summ. J. Ex. A, at 13). In response, the guards checked Plaintiff's vital signs and physical appearance, noting no problems. (Def.'s Mot. Summ. J. Ex. A, at 13). Plaintiff also complained of stomach ulcers and was given a medical request form. (Def.'s Mot. Summ. J. Ex. A, at 13).

Through discovery, Bonds has failed to develop any evidence in the record that any of the alleged conditions existed, much less that any condition constituted a serious medical need. *See Napier*, 238 F.3d at 742. Plaintiff did not produce evidence of the detrimental effect of any delay in treating the conditions of which he complained. Thus, he has failed to prove that these conditions were sufficiently serious to satisfy the objective test required for any claimed violation of an Eighth Amendment right. *See id.*

Additionally, there is no evidence that Plaintiff's high blood pressure was a serious medical need. *See Blackmore*, 390 F.3d at 899. As a sister court has noted, "[h]igh blood pressure is not a condition where the need for medical care is readily discernable to a layman." *Harris*, 2012 WL 2526929, at *7. In support of this claim, Bonds relies on printouts of webpages from the American Heart Association and the World Health Organization that show that his blood pressure of 178/115 was at a level that could be considered serious. (Pl.'s Mot. Summ. J. Ex. B, at 1, DN 38-2; Pl.'s Mot. Summ. J. C, at 2, DN 38-3). These printouts, however, are inadmissible hearsay because they are offered to prove the truth of the matter asserted—that high blood pressure is a serious medical condition. *See Sampson v. Sisters of Mercy of Willard, Ohio*, No. 3:12-cv-00824, 2015 WL 3953053, at *3 (N.D. Ohio June 29, 2015) (refusing to consider website printouts in ruling on a motion for summary judgment because "the website printouts are inadmissible hearsay.").

Furthermore, the information from those websites is too general and not particularized to Plaintiff's condition. It is not clear from the record how long Plaintiff's blood pressure was elevated or what ill effects an elevated blood pressure can have if left untreated for the night. Without medical training, it is not clear that a layperson would recognize a blood pressure reading of 178/115 was unusually high, so that Plaintiff was required to present medical evidence to prove that his condition was serious. *Cf. Blackmore*, 390 F.3d at 899-900 ("[W]here a plaintiff's claims arise from an injury or illness 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention,' the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated." (internal citation omitted)). Plaintiff has not proven that his condition was a serious medical need, so that any delay in treatment could not constitute an Eighth Amendment violation.

### 2.     *Subjective Test*

Even if Plaintiff were able to show that he had an objectively serious medical need he would still need to satisfy the subjective element of his claim by proving that Fowler subjectively knew of the seriousness of his condition and deliberately ignored it. *See Farmer*, 511 U.S. at 834. To prove this element, it is not necessary for a plaintiff to provide evidence that the defendant intended to harm the plaintiff. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("[P]laintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" (quoting *Farmer*, 511 U.S. at 835)). Rather, a plaintiff alleging deliberate indifference must "show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703 (citations omitted). A plaintiff must present proof that a defendant actually drew the inference "that a substantial risk of serious harm exist[ed] . . . ."

*Farmer*, 511 U.S. at 837. Evidence that prison officials heard a prisoner's complaint of chest pains is not enough to show subjective awareness, even when the officers generally knew hypertension is a serious condition. *See Harris*, 2012 WL 2526929, at *8 (finding correction officers were not subjectively aware of prisoner's condition where prisoner pounded on cell door, told guards he was experiencing chest pain, and was told by corrections officers to wait to see the nurse).

Even assuming that Plaintiff's condition was objectively serious, there is no evidence that Fowler had subjective knowledge that the condition presented a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837. In support of the subjective element of this claim, Bonds points to his dramatic blood pressure rise and his assertion that Fowler took his blood pressure without recording the result as proof that she knew that his blood pressure was unusually high. (Def.'s Mot. Summ. J. Ex. B, at 32). Even examining this evidence in the light most favorable to Bonds, it fails to establish Fowler's subjective awareness of Bonds' condition. As the Sixth Circuit held in *Farmer*, mere awareness of facts that would have allowed the inference about a prisoner's serious medical need to be made is not enough. *See Farmer*, 511 U.S. at 834. Without further evidence that Fowler actually made the inference that Bonds' condition presented a substantial risk of serious harm, no reasonable jury could rule for Bonds. *See id.*

Bonds argues that the evidence shows Fowler did make the inference that his high blood pressure presented a substantial risk of substantial harm for two reasons. First, because Fowler was trained on how to take blood pressure Bonds asserts that Fowler must have recognized his high blood pressure. (Pl.'s Resp. Def. Mot. Summ. J. 2, DN 41). While there is no evidence that Fowler knew how to interpret the blood pressure readings, there is affirmative evidence that she was unaware of what constituted normal blood pressure. (Def. Mot. Summ. J. Ex. B, at 2).

7

Second, Bonds contends that evidence Fowler saw his blood pressure had dramatically increased reflects that she should have known that his blood pressure was higher than normal. However, this claim presupposes that Fowler knew the normal blood pressure range and there is no evidence to support that conclusion. (Def. Mot. Summ. J. Ex. B, at 2).

Bonds has failed to show any genuine issue of material fact precluding summary judgment on his Eighth Amendment claim. Accordingly, the Court will grant Defendant's motion.[3]

### B.     Plaintiff's Motion for Summary Judgment

Bonds has also moved for summary judgment on his claim. (Pl.'s Mot. Summ. J., DN 38). As discussed above, Bonds has failed to prove a violation of this Eighth Amendment rights, and his motion will therefore be denied.

### V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 35) is **GRANTED** and Plaintiffs' Motion for Summary Judgment (DN 38) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

September 14, 2017

cc:    counsel of record
       Plaintiff, *pro se*

---

[3] Fowler also argues that summary judgment is warranted on the basis of qualified immunity. (Def.'s Mot. Summ. J. 8-9). The Supreme Court has recognized that government officials are shielded from liability for civil rights violations unless the officials violate a clearly established right. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). As discussed above, there is insufficient proof to show that Bonds' right to medical care had been violated, and therefore it is unnecessary to determine whether the right to medical care in this instance was clearly established.